UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE HANSON GROUP, LLC, a
Georgia limited liability company

    Plaintiff,

v.                                                                                       Case No: 2:17-cv-226-FtM-99CM

TOTAL CONTAINMENT
SOLUTIONS, INC.,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Clerk's Default and Incorporated Memorandum of Law (Doc. 9) filed on June 23, 2017. On May 1, 2017, Plaintiff filed a complaint against Defendant, Total Containment Solutions, Inc., alleging two counts: breach of contract and account stated. Doc. 1. On June 23, 2017, Plaintiff filed a Return of Service showing it served Defendant a true copy of the Summons and Complaint on May 26, 2017. Doc. 8. To date, Defendant has not appeared in this action.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ.

> P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

With regard to a corporation, service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id.* § 48.081(3)(a). Here, the Affidavit of Service states that on May 26, 2017, a process server EBS Investigations served a true copy of the Summons and Complaint upon Michael Whitener, registered agent.[1] Doc. 12 at 1. Service of process therefore was properly effected under Federal Rule of Civil Procedure Fed. R. Civ. P. 4(h).

---

[1] According to www.sunbiz.org, Michael Whitener is the registered agent for Total Containment Solutions, Inc.

Pursuant to Rule 12(a)(1)(A), Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Defendant has failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Rule 55(a), Federal Rules of Civil Procedure, and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Clerk's Default and Incorporated Memorandum of Law (Doc. 9) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendant Total Containment Solutions, Inc.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of June, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record