UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE HANSON GROUP, LLC, a Georgia
limited liability company,

        Plaintiff,

v.                           Case No:  2:17-cv-226-FtM-38CM

TOTAL CONTAINMENT
SOLUTIONS, INC.,

        Defendant.
_____/

## OPINION AND ORDER[1]

    This matter comes before the Court on Plaintiff's Motion for Default Judgment
(Doc. 14) filed on August 1, 2017.  No response has been filed and the time to do so has
expired.  For the reasons set forth below, the motion is granted.[2]

### BACKGROUND

    The Hanson Group, LLC ("Hanson") is a seller and distributor of raw materials used
to make industrial containment liners and coatings.  (Doc. 1, ¶ 5).  Defendant Total
Containment Solutions, Inc. ("TCS") is a manufacturer and seller of industrial containment
liners and coatings.  (*Id.* at ¶ 6).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.
These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked
documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this
Court does not endorse, recommend, approve, or guarantee any third parties or the services or
products they provide on their websites.  Likewise, the Court has no agreements with any of these
third parties or their websites.  The Court accepts no responsibility for the availability or
functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to
some other site does not affect the opinion of the Court.

[2] The Court finds that an evidentiary hearing is not required and will render a decision based on
the documents submitted.

In February 2014, Hanson sold and provided raw materials to Defendant for use in manufacturing waste water containment products for the fracking industry, pursuant to the terms of an Application for Credit submitted by Defendant and Hanson Group Standard Terms and Conditions of Sale Including Limited Warranty ("Terms and Conditions"). (Doc. 1 at ¶¶ 7-12). Hanson attached copies of the Application for Credit and Terms and Conditions to the Complaint as Exhibits A and B, respectively. (*See id.*). Pursuant to the terms, TCS guaranteed and agreed that payment for materials purchased would be made within 30 days after the date of the product invoice. (*Id.* at ¶ 8). And in consideration of the extension of this credit from Hanson, TCS agreed to pay all reasonable legal fees, costs and collection fees incurred by Hanson in the event payment was not timely received. (*Id.*)

Hanson alleges that beginning in January 2015 and continuing thereafter, Defendant failed and refused to make payments due to Hanson for materials that were purchased, delivered, and invoiced. (Doc. 1, ¶ 13). Therefore, Plaintiff filed a Complaint for breach of contract and account stated. Hanson attached copies of the unpaid invoices to the Complaint as Composite Exhibit C. (*See id.* at ¶ 14). Hanson alleges that it demanded payment from Defendant, Defendant acknowledged that the debt was due and owing, but Defendant failed and refused to make payment of the amounts due and owing. (*Id.* at ¶ 15). As of the date of the filing of the Complaint, May 1, 2017, Hanson states that a total of $456,502.50, plus finance charges and interest, remained due and owing from Defendant. (*Id.* at ¶ 14). The Terms and Conditions attached to the Complaint set forth that invoices that are not paid within 30 days are subject to a finance charge of 1.5% per month, and that Hanson is entitled to the recovery of attorneys' fees and costs for any

legal action to recover amounts due under the contract. (*See id.* at ¶¶ 11, 12, 17 & Ex. B).

Despite service of the Complaint on Defendant, TCS has not made an appearance in this case; therefore a Clerk's Default (Doc. 11) was entered on June 27, 2017. Hanson now seeks a default judgment against TCS and an award of costs and attorneys' fees. (Doc. 14).

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure for obtaining default judgment. *See* Fed. R. Civ. P. 55. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of the court must enter a clerk's default against the defendant. *Cohan v. Rist Properties, LLC*, No. 2:14-cv-439-FTM, 2015 WL 224640, at *1-2 (M.D. Fla. Jan. 15, 2015) (citing Fed. R. Civ. P. 55(a)). Second, after receiving the clerk's default, the court can enter a default judgment provided the defendant is not an infant or incompetent. *Id.* (citing Fed. R. Civ. P. 55(b)(2)); *see also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys. Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986) (stating a default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.").

An entry of a clerk's default, however, does not *per se* warrant an entry of default judgment. Rather, a court may enter a default judgment only if "the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x

860, 863 (11th Cir. 2007); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." (citations omitted)). "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law . . . [A] default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu*, 515 F.2d at 1206. In considering a motion for default judgment, courts must "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" relief. *PNC Bank, N.A. v. Starlight Props. & Holdings, LLC*, No. 6:13-cv-408, 2014 WL 2574040, at *1 (M.D. Fla. June 9, 2014) (citation omitted). With these principles in mind, the Court will address Hanson's Motion for Default Judgment.

## DISCUSSION

The elements of a breach of contract cause of action are: (1) a valid contract, (2) a material breach, and (3) damages. *Havens v. Coast Florida, P.A.*, 117 So. 3d 1179, 1181 (Fla. 2d DCA 2013). Here, Hanson alleged that TCS entered into a contract with Hanson, that TCG breached the contract by refusing to pay that debt, and that TCG owes Hanson more than $456,502.50. Thus, the Court finds that plaintiff has adequately pled a breach of contract, which allegations are deemed admitted, supporting the entry of a default judgment against Defendant.

### A. Damages

With regard to damages, Plaintiff submitted an Affidavit of Lee Hanson, managing member of Hanson.  (Doc. 14-1, "Hanson Affidavit".)  In the Hanson Affidavit, Plaintiff asserts a claim of $456,502.50, excluding finance charges, interest, and attorney's fees and costs incurred in seeking enforcement of the contract.  Specifically, as of August 1, 2017, Plaintiff asserts that the total amount of interest accrued at the rate of 1.5% per month in accordance with the Terms and Conditions is $181,362.24, and interest will continue to accrue at the per diem rate of $225.12 until entry of judgment.  Thus, as of August 1, 2017, principal and interest totaling $637,864.74 was due and owing, with interest continuing to accrue at the per diem rate.

Defendant has failed or refused to pay the amounts due and owing, and is indebted to Plaintiff in the amount of $637,864.74 under the contract as of August 1, 2017.  The Court will grant the requested pre-judgment interest, and apply the continuing per diem rate stated in the agreement of $225.12 through the date of entry of judgment.

### B. Attorneys' Fees

Attorney Sivick of the Orlando office of the law firm Baker & Hostetler, LLP, seeks attorneys' fees in the amount of $7,041.00 for time spent in pursuing this action.  Baker & Hostetler commenced its work on this matter in April 2017, and through July of 2017 had performed 23.5 hours of work in categories as set forth in the Affidavit and attached invoices.  (Doc. 14-2, "Sivick Affidavit".)

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and a "reasonable hourly rate" is "the prevailing market rate in the relevant

legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The party seeking an award of fees should submit adequate documentation of hours and rates in support, or the award may be reduced. *Hensley*, 461 U.S. at 433.

The Court has reviewed the time sheets submitted in support, which detail the categories of tasks performed and states that the hourly rate for attorneys working on this matter ranged from $360.00 to $425.00, and $260.00 per hour for paralegal time. (Doc. 14-2, ¶ 10.) The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). It is clear that the applicable prevailing market in this case is the Fort Myers area, and not Orlando. *See Olesen-Frayne v. Olesen*, 2:09-cv-49-FTM-29DNF, 2009 WL 3048451, at *2 (M.D. Fla. Sept. 21, 2009) (prevailing market is the Fort Myers Division)).

The Court finds that the 23.5 hours of work expended on this case is reasonable given the level of complexity and filings in this matter. The Court also finds that given the number of hours (23.5) and total amount of attorneys' fees incurred ($7,041.00), the combined average attorney and paralegal rate charged is $299.62 an hour (the blended rate), which the Court finds is reasonable and in line with the prevailing market rate. The motion will be granted for the requested amount.

### C. Costs

Attorney Sivick's Affidavit was also filed in support of a request for $595.00 in costs, representing $400.00 filing fee and $195.00 for service of process fees. (Doc. 14-2, ¶ 4.)

The Court finds that the costs are allowable and not otherwise limited by the terms of the contract.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion for Default Judgment (Doc. 14) is **GRANTED**.  The Clerk shall enter judgment on the Complaint as follows:

     a. In favor of Plaintiff and against Defendant in the amount of $637,864.74, plus continuing interest at the per diem rate of $225.12 from August 1, 2017 through the date of entry of judgment;

     b. Attorneys' fees in the amount of $7,041.00.

     c. Costs in the amount of $595.00.

(2) The Clerk is further directed to terminate all pending matters and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of August, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record